IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES T. WHITE, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 04 C 6323 |
| BARBARA BRUNO, as Director of Revenue for the County of Cook; DEPARTMENT OF REVENUE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Charles T. White, Jr. ("White") alleges that he began working for the Cook County Auditor's Office ("Auditor's Office") in 1985 and was a certified public accountant. White alleges that he sued the Auditor's Office in 1991 in federal court alleging race discrimination. The parties settled the action in 1994 and signed a settlement agreement and Judge Shadur, the presiding Judge, dismissed the action.

1

White claims that under the terms of the settlement agreement the parties agreed that any disputes regarding the agreement would be resolved in the Circuit Court of Cook County or the Northern District of Illinois.

In White's complaint in the instant action, White has included a variety of allegations against Defendants. The allegations pertain mainly to alleged misconduct by Defendants that occurred in 2002. White contends that in July of 2002 Defendants made slanderous statements about him and filed false reports about him that caused his detention in a hospital with mentally disturbed patients. White claims that Defendants took unlawful actions which resulted in the termination of his employment. White also claims that Defendants fabricated other false charges against him in October of 2002 to prevent him from returning to work. Although, White is proceeding *pro se* in the instant action and his complaint is somewhat incoherent, it is clear that White claims that at least some of the alleged misconduct on the part of Defendants is in violation of the prior settlement agreement.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1)

2

would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

White alleges that the settlement agreement in the prior action provides that any disputes regarding the agreement would be resolved in the Circuit Court of Cook County or the Northern District of Illinois and that this court therefore has subject

matter jurisdiction. Defendants argue that Judge Shadur did not retain jurisdiction to enforce the settlement agreement and therefore, this court lacks subject matter jurisdiction to hear this matter. The Seventh Circuit has indicated that "[a] settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract." *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). The court records reflect that in *White v. Phelan* (92 C 4641) Judge Shadur indicated that the parties had reached a settlement agreement and that the case was "dismissed with prejudice." Thus, this court lacks subject matter jurisdiction to enforce the settlement agreement.

This court does not have subject matter jurisdiction to enforce the settlement agreement and thus, White needs an alternate basis for subject matter jurisdiction over the instant action. Although White has specifically made reference to the settlement agreement and the enforcement terms in his complaint, the Seventh Circuit has made it clear that our inquiry at the pleading stage should not be whether or not the plaintiff has pled the correct cause of action. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)(stating that "[i]nstead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations."); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(stating that

"[t]he allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Under the notice pleading standard, and in light of White's *pro se* status, we recognize that he has pled a breach of contract claim and other potential state law claims.

We have determined that this court cannot invoke federal question jurisdiction to enforce the settlement terms because Judge Shadur did not retain jurisdiction over the agreement. The question remains whether or not, to the extent that White has asserted a breach of contract claim or other state law claims connected to the alleged misconduct by Defendants, this court has subject matter jurisdiction over the state claim or claims. A plaintiff is required under Federal Rule of Civil Procedure 8(a) to provide in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." Fed. R. Civ. P. 8(a). White is not absolved from the requirements of Rule 8(a) because of his *pro se* status. We acknowledge that Rule 8(a) "does not require a plaintiff to set forth the statutory basis for the district court's subject-matter jurisdiction in order for the court to assume jurisdiction, so long as he alleges facts sufficient to bring the case within the court's jurisdiction." *Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir. 1986). However, in the instant action White clearly contends that this court's jurisdiction is derived from the settlement agreement and White alleges no facts that would indicate an alternative basis for subject matter jurisdiction.

White specifically alleges at the beginning of his complaint that this court has subject matter jurisdiction over this action because the terms of the settlement agreement provide jurisdiction to enforce the settlement terms. White thus has asserted that this court has federal question subject matter jurisdiction in this action. As explained above, we do not have federal question subject matter jurisdiction in the instant action. Defendants have moved to dismiss this action due to lack of subject matter jurisdiction and White has not alleged in his complaint or argued in his answer brief that in the alternative this court has diversity jurisdiction. White has not alleged facts that would enable us to infer that we have federal question jurisdiction or diversity jurisdiction in this action. White has thus failed to provide a legitimate basis for subject matter jurisdiction in his complaint. Therefore, we grant Defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 8, 2005