IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES T. WHITE, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 6323 |
| | ) | |
| **BARBARA BRUNO, as Director of** | ) | |
| **Revenue for the County of Cook;** | ) | |
| **Department of Revenue; et al.,** | ) | |
| | ) | |
| Defendants. | ) | |



FILED
APR 2 8 2005
Judge Samuel Der-Yeghiayan
U.S. District Court

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Charles T. White, Jr.'s ("White") motion for reconsideration. For the reasons stated below, we deny White's motion for reconsideration.

## BACKGROUND

White alleges that he began working for the Cook County Auditor's Office ("Auditor's Office") in 1985 and was a certified public accountant. White alleges that he sued the Auditor's Office in 1991 in federal court alleging race discrimination. The parties settled the action in 1994 and signed a settlement

1

agreement and Judge Shadur, the presiding Judge, dismissed the action. White claims that under the terms of the settlement agreement the parties agreed that any disputes regarding the agreement would be resolved in the Circuit Court of Cook County or the United States District Court of the Northern District of Illinois.

In White's complaint in the instant action, White has included a variety of allegations against Defendants. The allegations pertain mainly to alleged misconduct by Defendants that occurred in 2002. White contends that in July of 2002 Defendants made slanderous statements about him and filed false reports about him that caused his detention in a hospital with mentally disturbed patients. White claims that Defendants took unlawful actions which resulted in the termination of his employment. White also claims that Defendants fabricated other false charges against him in October of 2002 to prevent him from returning to work. On February 8, 2005, we granted Defendants' motion to dismiss. White now asks this court to reconsider its February 8, 2005 ruling.

## LEGAL STANDARD

A party may move pursuant to Federal Rule of Civil Procedure Rule 59(e) ("Rule 59(e)") within ten business days of the entry of a judgment to alter or amend a final judgment. Fed. R. Civ. P. 59(e); Fed R. Civ. P. 6(a). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the

judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court...." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

As indicated above, White's complaint in the instant action seeks the enforcement of the terms of a settlement entered into in an action in federal court. White indicated in his answer to Defendants' motion to dismiss that White believed that this court has subject matter jurisdiction in this action because the settlement agreement that he seeks to enforce occurred in a case that was filed in federal court. However, in our prior ruling, we held that since the judge in that prior action did not retain jurisdiction to enforce the terms of the settlement, the instant complaint should be resolved as a state breach of contract claim. White, proceeding *pro se*, merely continues in his motion for reconsideration to argue that it is his belief that the settlement terms should be enforced in this court. White does not present any new evidence in his motion for reconsideration and does not show how this court

committed any manifest error. Nor does White provide a basis for subject matter jurisdiction in this action. Therefore, we deny White's motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, we deny White's motion for reconsideration.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 28, 2005